**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KIFLU SHIMILES : <br> 2103 CALHOUN STREET, : <br> FT. WASHINGTON, MARYLAND 20744 : <br> : <br> Plaintiff, : <br> : <br> v.   : <br> : <br> THE UNITED STATED OF AMERICA, : <br> : <br> Defendant. : | Civil Action No. |

**COMPLAINT FOR MOTOR VEHICLE NEGLIGENCE**

Plaintiff, Kiflu Shimiles, by and through his attorneys David M. Snyder, Michael D. Reiter and ChasenBoscolo Injury Lawyers, respectfully pleads as follows:

I. **PARTIES, JURISDICTION, AND VENUE**

**1.1** This is a motor vehicle negligence case where an employee/agent of the Defendant, Donald Linares, was driving a United States Federal Bureau of Investigation vehicle and crashed into the rear of Plaintiff Kiflu Shimiles' vehicle.

**1.2** Plaintiff Kiflu Shimiles is a citizen of the state of Maryland, who resides at 2103 Calhoun Street in the town of Ft. Washington, Maryland 20744.

**1.3** Defendant is the United States of America.

**1.4** This Federal District Court has jurisdiction of this cause against the United States of America pursuant to and in compliance with 28 U.S.C §§1346(b), and 2671-2680, commonly known as the "Federal Tort Claims Act," which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

**1.5** Venue is proper in this district pursuant to 28 U.S.C. § 1391(e), as the United States is a Defendant, and a substantial part of the events or omissions giving rise to the claim occurred on the roads of the District of Columbia which is located in this district.

## II.     JURISDICTIONAL PREREQUISITES

**2.1** Pursuant to Title 28 U.S.C. §§2672 and 2675(a), Plaintiff filed a claim against the United States of America for $5,000,000.00 with the Federal Bureau of Investigation Office of General Counsel on January 18, 2019.

**2.2** The Department of Justice - Federal Bureau of Investigation made a final disposition of this claim on July 3, 2019 in accordance with 28 U.S.C. §2675(a) and 28 C.F.R. § 14.9(a)-(b). As such, Mr. Shimiles is now entitled to file the instant action because the matter is deemed a final disposition by operation of the statute and regulations. *See* 28 U.S.C. §2675(a); 28 C.F.R. § 14.9(a)-(b). This action is being filed within six (6) months of the final disposition made by the agency in accordance with 28 U.S.C. § 2401(b) and 28 C.F.R. § 14.9(a). Accordingly, Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

## III.    LIABILITY OF THE UNITED STATES OF AMERICA

**3.1** The Federal Bureau of Investigation is an agency of the United States of America. The United States of America, Defendant herein, through its agency, the Federal Bureau of Investigation, at all times material hereto, owned the vehicle driven by its employee/agent, Donald Linares.

**3.2** This case is commenced and prosecuted against the United States of America pursuant to, and in compliance with, Title 28 U.S.C. §§1346 and 2671-2680, commonly referred to as the "Federal Tort Claims Act." Liability of the United States is predicated specifically on Title 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injury and resulting damages from the motor vehicle collision of which this complaint is made, were proximately caused by the negligence, wrongful acts, and/or omissions of employees of the United States of America through the Federal Bureau of Investigation, while acting within the scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the laws of the District of Columbia.

## IV.    EMPLOYMENT RELATIONSHIPS AND COURSE AND SCOPE

**4.1** At all times relevant to this action, the employee of the Federal Bureau of Investigation who operated a motor vehicle owned by the United States of America on May 19, 2017, was Donald Linares, who was acting within the course and scope of such employment.

**4.2** At all times relevant to this action, the United States of America authorized Donald Linares to drive motor vehicles owned by the United States during the course of his employment.

## V.     FACTS

**5.1** On May 19, 2017, Mr. Shimiles was operating a motor vehicle owned by the Universal Ballet Academy at the Catholic University of America Hartke Theatre located at 3801 Harewood Road in Northeast Washington, D.C. at approximately 2:30 PM.

**5.2** Mr. Shimiles' vehicle was stopped to allow pedestrians to cross the street toward the Hartke Theatre.

**5.3** At the same place and time, Defendant Linares was operating a motor vehicle owned by the United States Federal Bureau of Investigation and was traveling behind Mr. Shimiles.

**5.4** Mr. Linares, an agent of the Defendant, failed to control his vehicle and struck the rear of Mr. Shimiles' vehicle, pushing his vehicle forward toward the pedestrians.

## VI.    MOTOR VEHICLE NEGLIGENCE AND NEGLIGENCE PER SE

**6.1** At the time of the crash, it was the duty of the Defendant, through its employee/agent, to operate the United States' vehicle in a safe and reasonable manner for the conditions then existing. This duty included, but was not limited to, always making the safest choice while operating the vehicle.

**6.2** At the time of the crash, it was the duty of the Defendant's employee/agent to refrain from needlessly endangering the public.

**6.3** At the time of the crash, it was the duty of the Defendant's employee/agent to observe all vehicular safety rules then and there in effect.

**6.4** At the time of the crash it was the duty of the Defendant's employee/agent to react to changing conditions on the road to prevent serious injury to others.

**6.5** At the time of the crash, it was the duty of the Defendant's employee/agent to look straight ahead while driving to prevent serious harm or death to others.

**6.6** At the time of the crash, it was the duty of the Defendant's employee/agent to drive at a safe speed to avoid colliding with other vehicles prevent serious harm or death to others.

**6.7** At the time of the crash, it was the duty of the Defendant's employee/agent to yield the right-of-way to a pedestrian crossing within the roadway or it was the duty of the Defendant's employee/agent to allow another vehicle operating in front of him to yield the right-of-way to a pedestrian crossing within the roadway pursuant to Title 18, D.C.M.R. 2208.12.

**6.8** At the time of the crash, it was the duty of the Defendant's employee/agent to drive at a speed that would allow him to safely apply his brakes to avoid colliding with another vehicle and injuring others, pursuant to D.C. Code § 50-2201.04(a) and Title 18, D.C.M.R. 2200.4.

**6.9** At the time of the crash, it was the duty of the Defendant's employee/agent to leave enough space between his vehicle and the vehicle travelling in front of him to avoid collisions and prevent serious harm or death to others, pursuant to Title 18, D.C.M.R. 2201.09.

**6.10** At the time of the crash, it was the duty of the Defendant's employee/agent to pay full time and attention to the operation of his motor vehicle to prevent serious harm or death to others pursuant to Title 18, D.C.M.R. 2213.4.

**6.11** At the time of the crash it was the duty of the Defendant's employee/agent to see all things in plain view to prevent serious harm or death to others.

**6.12** The Defendant's employee/agent breached his duty, needlessly failing to obey safety rules when he did not make the safest choice while operating the United States' vehicle to prevent serious harm or death to others.

**6.13** The Defendant's employee/agent breached his duty by needlessly failing to obey safety rules when he did not refrain from needlessly endangering the public.

**6.14** The Defendant's employee/agent breached his duty by needlessly failing to obey safety rules when he did not observe all vehicular safety rules then and there in effect.

**6.15** The Defendant's employee/agent breached his duty by needlessly failing to obey safety rules when he did not refrain from needlessly endangering all others on the road.

**6.16** The Defendant's employee/agent breached his duty by needlessly failing to obey safety rules when he did not react to changing conditions on the road to prevent serious injury to others.

**6.17** The Defendant's employee/agent breached his duty by needlessly failing to obey safety rules when he did not look straight ahead while driving to prevent serious harm or death to others.

**6.18** The Defendant's employee/agent breached his duty by needlessly failing to obey safety rules when he did not drive at a safe speed to avoid colliding with other vehicles to prevent serious harm or death to others.

**6.19** The Defendant's employee/agent breached his duty by needlessly failing to obey safety rules when he did not drive at a speed that would allow him to safely apply his brakes without causing collisions to prevent serious harm or death to others.

**6.20** The Defendant's employee/agent breached his duty by needlessly failing to obey safety rules when he did not leave enough space between his vehicle and the vehicle traveling in front of him to avoid collisions to prevent serious harm or death to others.

**6.21** The Defendant's employee/agent breached his duty by needlessly failing to obey safety rules when he did not pay full time and attention to the operation of his motor vehicle to prevent serious harm or death to others.

**6.22** The Defendant's employee/agent breached his duty by needlessly failing to obey safety rules when he did not see all things in plain view to prevent serious harm or death to others.

**6.23** The Plaintiff observed all safety rules and neither contributed to or assumed the risk of the Defendant's agent's needless failure to follow safety rules which caused him to collide with the vehicle he was operating.

**(Negligence Per Se)**

**6.24** Plaintiff, Kiflu Shimiles, hereby incorporates the allegations of paragraphs 1.1 through 6.23 above and, in addition, avers that the violation of statutes by Defendant's employee/agent caused harm to Mr. Shimiles and is negligence per se, justifying an award of monetary damages against the Defendant.

## VII.   DAMAGES

**7.1** As a direct and proximate result of Defendant's agent's negligent acts and/or omissions, Plaintiff has suffered damages, including but not limited to, the following caused by the Motor Vehicle Collision:

1. Bodily Injury and disfigurement;
2. The effects of such injuries on the Plaintiff's overall physical health and mental wellbeing;
3. Past physical pain and suffering;
4. Physical pain and suffering Plaintiff will probably experience in the future;
5. Fear, anxiety, depression and mental anguish Plaintiff has suffered;
6. Fear, anxiety, depression and mental anguish Plaintiff will probably suffer in the future;
7. Inconvenience Plaintiff has already suffered;
8. Inconvenience Plaintiff will probably suffer in the future;
9. Expenses for reasonable care and attention Plaintiff has incurred;
10. Expenses for reasonable care and attention Plaintiff will probably incur in the future; and
11. Loss of wages or wage-earning capacity.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kiflu Shimiles, prays for judgment against Defendant in the amount of FIVE MILLION DOLLARS ($5,000,000.00), and litigation costs of bringing this action, with interest, or such other relief as this Honorable Court may determine to be fair and just.

Respectfully,

/S/ Michael D. Reiter
Michael D. Reiter, Esq.
(DC Bar No. 981814)
7852 Walker Drive, Suite 300
Greenbelt, Maryland 20770
301-220-0050
MReiter@ChasenBoscolo.com
*Attorney for Plaintiff*

/S/ David M. Snyder
David M. Snyder, Esq.
(DC Bar No. 1014024)
7852 Walker Drive, Suite 300
Greenbelt, Maryland 20770
301-220-0050
DSnyder@ChasenBoscolo.com
*Attorney for Plaintiff*